## WILLIAM LEWIS *versus* WARREN BROWN.

In general, the *opinion* of a witness is not evidence. He must speak of facts. The opinion may be arrived at by some unwarrantable deduction of the witness, or from premises not well established.

Of the force of a discharge in bankruptcy.

On REPORT from *Nisi Prius*, CUTTING, J., presiding.

This was ASSUMPSIT for money had and received and money paid, &c., and was brought to recover the sum of $210, and interest, paid by plaintiff as surety for defendant on a bond given to one E. G. Vaughan, conditioned to save him harmless from certain debts assumed by defendant.

General issue pleaded, and also bankruptcy of defendant.

Plaintiff introduced the bond made by defendant to said Vaughan, which is dated Nov. 23, 1835, and is signed by plaintiff as the surety of defendant. Also, assignment of said bond, May 4th, 1852, by said Vaughan to Wm. T. Hillard, and receipt of said Hillard to said Lewis for $210, indorsed thereon.

Defendant introduced two agreements or papers, dated Aug. 6, 1852, signed by Hillard, one being to the plaintiff, and the other to the defendant.

Defendant also introduced his petition in bankruptcy, dated Feb. 7th, 1842, and discharge, dated Aug. 3d, 1842.

Whereupon the cause was withdrawn from the jury by consent of parties, and referred to the whole Court, who are authorized to draw such inferences as a jury would be authorized to draw, and to direct a nonsuit or default for such sum as may be conformable to law.

*Simpson* and *A. W. Paine*, for plaintiff, contended, —

1. That the defence had produced no sufficient proof, that there was a legal and binding agreement between the parties that the sum paid by the plaintiff for the defendant was to be a gratuity. The proof consists of the verbal testimony of Mr. Hillard.

2. That, as matter of law, the defence set up cannot avail, even though the facts be as alleged by the defendant. The case comes directly within the principle of *Brooks* v. *White,* 2 Met. 283; *White* v. *Jordan,* 27 Maine, 370.

The reasoning of the Court in *Smith* v. *Bartholomew,* 1 Met. 276, embraces this case and is conclusive of its merits. *Parker* v. *Baylies,* 2 Bos. & Pul. 73.

The laying out of money for one's own benefit, though at the request of another, will not support a promise on the part of the latter to pay therefor.·

In *Andrews* v. *Andrews,* 33 Maine, 178, the promise in substance was like that here, and it was declared invalid for want of consideration. See also *Tobey* v. *Wareham Bank,* 13 Met. 440, 449. *Bean* v. *Jones,* 8 N. H. 149, is also in point.

3. The question of bankruptcy, as affecting the right of plaintiff to recover here, is conclusively settled in favor of plaintiff by repeated decisions. *Dole* v. *Warren,* 32 Maine, 94; *Woodward* v. *Herbert,* 24 Maine, 358; *Ellis* v. *Ham,* 28 Maine, 385; *Reed* v. *Pierce,* 36 Maine, 455.

*Hillard & Flagg,* for defendant, argued, —

1. That the defendant relied upon the evidence of the assignee of the bond, and the two receipts or agreements signed by the assignee.

2. The evidence shows that the defendant distinctly understood and had reason to understand, that he was fully discharged from any further claims by virtue of the bond.

3. The evidence also shows, not simply a compromise between the assignee of the plaintiff and the defendant, but between the plaintiff and the defendant.

Goodenow, J. — This is an action to recover the amount of money paid by the plaintiff as surety for the defendant, on a bond dated November 23, 1835. It is not denied, but admitted that the plaintiff did in fact pay or secure to be paid to the assignee of the obligee, the sum of $210, August 6, 1852, and that he was surety for the defendant on said bond.

But the defendant contends that, on that day, he made a compromise with the assignee of the bond, by which he was to be discharged from all further liability, upon paying $279,04, in ninety days, which sum he subsequently paid accordingly; and that the plaintiff was a party to that compromise, and bound by it. William T. Hillard, Esq., introduced as a witness by the defendant, testified, subject to objection, that he saw the parties before any thing was done on this bond, and after a good deal of conversation, the " defendant agreed to pay a certain proportion, and the plaintiff the balance of the sum to be paid, at which time he gave the discharges already introduced;" that he would not say that he ever saw the plaintiff and defendant together, or that the plaintiff ever agreed that he would discharge the defendant from responsibility to pay back; that he, the witness, agreed with the defendant that he should be discharged from the bond, and told the defendant that he should not be called on to pay any more, but the plaintiff was not present. It was distinctly *understood* between the witness and the defendant that he should not be called upon to pay any more; otherwise he would not have obligated himself to pay what he did; that he gave the defendant assurance from what conversations he had had with the plaintiff, but he could not recollect any of the language he made use of to the plaintiff; that he acted as the agent of Mr. Vaughan in making the settlement; that the plaintiff was as anxious as the defendant that the matter should be compromised for as small a sum as possible, and that the defendant should pay all the witness could get out of

him, and that he *understood from the plaintiff that the defendant was to pay the amount named in his discharge, and should not be called upon for any thing more, but that he could not give his language.*

In general, the opinion of a witness is not evidence; he must speak of facts. It may have been derived from some unwarrantable deduction of the mind, from premises not well established. Mr. Hillard does not state any *facts*, from which we can understand that the plaintiff agreed to discharge the defendant from all liability over to him as his surety. The written discharges referred to by Mr. Hillard, only engage to discharge the bond when the notes given by the parties should be paid. They have no relation to the rights and obligations of the plaintiff and defendant between themselves.

The defendant has not indemnified the plaintiff as his surety, according to the undertaking which the law implies. He did no more, but less than he was bound to do, when he paid a part of the damages claimed by virtue of his bond.

Mr. Hillard was not the plaintiff's agent. We do not find that he had any authority to surrender the plaintiff's claim upon the defendant for indemnity, if in fact he undertook to do so. It is a meritorious claim, and should not be extinguished without unequivocal evidence that the plaintiff has, for a valuable consideration, agreed to its extinguishment.

The discharge of the defendant in bankruptcy cannot avail him in this case. *Dole* v. *Warren,* 32 Maine, 94.

*A default should be entered.*

*Damages* $210, *and interest from August* 6, 1852.

TENNEY, C. J., and MAY, and HATHAWAY, J. J., concurred. APPLETON, J., dissented.